UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED by _PG_ D.C.

NOV 0 9 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S D oF FLA - MIAMI

JAMES PRICE,

    Petitioner,

v.

16cv62649-KMW

WARDEN B.H. ROMERO, FCI MIAMI,

    Respondent.

_____/

## EMERGENCY MOTION FOR TEMPROARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**COMES NOW,** James Price, Pro Se Petitioner ("Petitioner"), and files this, his Emergency Motion for Temporary Restraining Order and Preliminary Injunction under FED.R.CIV.P. 65, in the above-styled case. Specifically, Price moves this Honorable Court to issue said temporary restraining order and preliminary injunction on B.H. Romero, Warden, Federal Bureau of Prisons, Federal Correctional Institution, Miami. The instant request is made pursuant to the pending matter of a request for custody transfer under a state, civil writ of habeas corpus ad testificandum in the Family Court of the 17th Judicial Circuit in and for Broward County, Florida ("Florida State Court") regarding the Involuntary Termination Price's Parental Rights and Adoption of minor children: Wesley David Price and Taylor Isaac Price. (Florida State Court Case No. 15-00009402 (35)-BIRKEN).

## I.   RELEVANT PROCEDURAL HISTORY

On August 1, 2016, Price filed a Motion for Continuance in the Florida State Court, pending the decison of the 11th Circuit Court of Appeals to REMAND the direct appeal pending in his criminal conviction to proceed with the Government's CONCURRENCE in a Motion to Vacate his conviction under § 2255.

On September 1, 2016, the Florida State Court denied Price's Motion for Continuance without prejudice.

On or about September 8, 2016, Price filed a renewed Motion for Continuance in the Florida State Court.  On or about September 20, 2016, the Florida State Court GRANTED a continuance until November 9, 2016.

On September 11, 2016, Price filed an UNOPPOSED Motion for Limited Remand to the District Court.  Dispite having filed said unopposed motion as "Time Sensitive" before the 11th Circuit, the court has not yet issued a decision.

On October 31, 2016, Price filed a Memorandum for Record Warden Romero, in part making a formal objection to the execution of any custody transfers pursuant to state, civil writs of habeas corpus ad testificandum while his **federal criminal** litigation was pending and where Price was a Pro Se litigant.  Price further cited the pertinent federal statutes and Bureau of Prisons policy statements in support of his objections.

2

On November 3, 2016, Price was notified by his state appointed, civil counsel, Denise Kistner, that a request for custody transfer, pursuant to a state civil writ of habeas corpus ad testificandum had been issued and served upon Warden Romero. On the same date, Price filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241 regarding the constitutional and policy violations by Warden Romero in the execution of his federal sentence.

The instant motion followed.

## II.   GROUNDS FOR RELIEF

The Petitioner seeks consideration of his Emergency Motion for Temporary Restraining Order and Preliminary Injunction based on the examination of four (4) factors: (1) whether the Petitioner is likely to succeed on the merits of his federal habeas corpus petition and his subsequent Motion to Vacate; (2) whether the Petitioner will suffer irreparable injury if the injunction is not granted; (3) whether the injunction, if granted, would substantially harm other parties; and (4) whether the injunction, if granted, would harm the public interest. See Gonzalez, et. al. v. Reno, et. al., 2000 U.S. App. LEXIS 6766 (11th Cir. 2000). In the instant case, Price's request for a Temporary Restraining Order and Preliminary Injunction meet the standards set forth by the Eleventh Circuit.

A.  THE LIKELIHOOD OF SUCCESS UNDER 28 U.S.C. § 2241
    and 28 U.S.C. § 2255

Ordinarily, the first factor is the most important.  A finding that the Petitioner demonstrates a probable likelihood of success on the merits of either or both the petition under § 2241 and or the Motion to Vacate under § 2255 requires this Court to determine if Price's constitutional rights were violated, based on the claims raised in his motion(s). Id.  In In re Grand Jury Proceedings, 689 F.2d 1351, 1353 (11th Cir. 1982), (per curiam), the petitioner may also have his motion granted upon a lesser showing of a "substantial case on the merits," when "the balance of the equitites [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay." See Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981)(per curiam) cert. denied, 460 U.S. 1042, 103 S. Ct. 1438, 75 L. Ed. 2d. 795 (1983).

In the instant case, Price brought three (3) claims in the habeas petition where Warden Romero having been apprised by Price in informal written communications (memorandums for record) and through the Administrative Remedy process as defined under the Prison Litigation Reform Act ("PLRA") of the violations of his constitutional rights, federal law and Bureau of Prisons policy made the conscious decision to violate Price's rights.  In the Motion to Vacate under § 2255, Price brought fifteen (15) claims: three(3) based on prosecutorial misconduct and twelve (12) based on ineffective assistance of counsel.  In support of his claims, Price filed with the petition(s), certified records,

4

subpoenas, affidavits, memorandums of record, sworn statements filed with the administrative remedy process and other material evidence. Notwithstanding the claims and evidence presented, the Government acquiesced to the factual basis of Price's claims, in failing to dispute or oppose the claims or evidence in Price's Motion for New Trial (Criminal docket No. 12-CR-60016, DE:186), where the Eleventh Circuit held in Larry v. Trinity Physician Fin. & Sevs., 780 F.3d 1101 (11th Cir. 2015), "by his default, [the defendant] admits the Plaintiff's well-pleaded allegations as fact...". See also Wooten v. McDonald Transit Assoc., 775 F.3d 689 (5th Cir. 2015), where that Court held, "well-pleaded allegations [are] assumed to be true." Price brought three (3) claims against the Warden and fifteen (15) well-pleaded and undisputed claims before this Court for its consideration, wherein, Price need only prevail on one (1) of the eighteen (18) total claims to be granted relief.

## B.   PETITIONER WILL SUFFER IRREPARABLE INJURIES IF INJUNCTION IS NOT GRANTED

In the Florida State Court, the Petitioner's former spouse, Jennifer Saltz-Bullock, opposed the continuance and moved the Florida State Court to issue a writ of habeas corpus ad testificandum rather than allow Price to proceed telephonically. Saltz-Bullock subsequently sought to expedite the involuntary termination of Price's parental rights before the Eleventh Circuit had an opportunity to remand Price's Motion to Vacate, and before this Court had an opportunity to rule on Price's

5

claims.  The termination of Price's parental rights is predicated **solely** on the federal conviction under collateral attack effected by the constitutional violations under attack in the § 2241 petition.  As a Pro Se litigant in the federal criminal appeal(s) Price's access to federal legal recources guaranteed in federal custody is critical to his due process rights.  Therefore, were Warden Romero allowed to **assist** Saltz-Bullock in terminating Price's parental rights through the statutorially unauthorized execution of a state civil writ, and allow Price's minor children to be adopted by a third party, immediately prior to the hearing of his § 2241 petition and the vacating or setting aside of Price's convictions, Price and his children would suffer irreperable harm because the adoption of his children is **irreversable** under Florida State Law.

### C.  NO SUBSTANTIAL INJURY TO THE ADVERSE PARTY

Neither Warden Romero nor Saltz-Bullock suffer substantial injury in that the Warden is in fact required under 28 C.F.R. § 527.31 to DENY the state, civil writ and Saltz-Bullock was granted full temporary custody by the Florida State Court upon Price's convictions, and otherwise subject to review only upon the completion of Price's appeal.  The granting of this motion has no impact on the security or operations of the institution or on the custody order now in place.  As the CEO of a federal institution Warden Romero is obligated to execute operations of the institution in accordance with federal law.  Saltz-Bullock, as an officer of this Court was served notice of the claims and

evidence in Price's § 2241 petition and his Motion to Vacate and made a calculated decision to expedite her requests in the Florida State Court to curtail Price's parental rights based on Price's likelihood of success before the court. Thus, the actions of Warden Romero in concert with Saltz-Bullock violate both federal statues and Bureau of Prisons ("BOP") policy. Saltz-Bullock's decision to use the Florida State Court to manipulate the BOP runs afoul of the Florida Bar Rules of Professional Conduct at 3.4(c) (conduct intended to disrupt a tribunal); 8.4(d) (conduct prejudicial to the administration of justice), as adopted by this Court.

## IV.  CONCLUSION

Therefore, unless this Court issues the Emergency Motion for Temporary Restraining Order and Preliminary Injunction, pending final disposition of Price's § 2241 petition, the 11th Circuit's Order to Remand his appeal to the district court for proceeding in his Motion to Vacate under § 2255, Price will suffer irreparable harm, even if final judgment is for Price.

No injury will be sustained by the adverse party or the public through the issuance of the Emergency Motion for Temporary Restraining Order and Preliminary Injunction.

**WHEREFORE,** based on the foregoing arguments and citations of authority, Price respectfully requests this Honorable Court **GRANT** his Emergency Motion for Temporary Restraining Order and

Preliminary Injunction, and issue an Order for Temporary Restraining Order and Preliminary Injunction.

Respectfully Submitted,

_____
James Price - 98922004
Pro Se Petitioner
Federal Correctional Institution
P.O. Box 779800
Miami, Florida 33177-9800
305-259-2100

## CERTIFICATE OF COUNSEL RE NOTICE

### James Price v. B.H. Romero, Warden

### Case No. 0:17-CV-_____

I, James Price, Pro Se Petitioner, make this certification to the Court pursuant to Rule 65(b)(1)(B) of the Federal Rule of Civil Procedure: the extraordinary circumstances justify the issuance of a temporary restraining order and preliminary injunction, while notice is pending via U.S. Mail to the parties. The Petitioner has provided email notice to the parties.

For the reasons shown in the pleading, attested to by the Petitioner, and the conduct and actions of the adverse party, the Orders should be issued forthwith and without further delay.

Executed on November 3, 2016.

By:_____

James Price - 98922004

## CERTIFICATE OF SERVICE

### James Price v. B.H. Romero, Warden

### Case No. 0:17-CV-_____

I, James Price, hereby certify that on this date, November 3, 2016, have served the enclosed EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION on the parties via ECF/CM and to counsel for the Respondent, Shannon Debus-Horn at the Consolidated Legal Center at Federal Correctional Institution Miami, 15801 S.W. 137th Avenue, Miami, Florida 33177.

I declare under the penalty of perjury, pursuant 28 U.S.C. § 1746, the foregoing is true and correct.

Executed on November 3, 2016.

By:_____
James Price - 98922004

10